UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY,

       Plaintiff,

v.                                      Case No.

GHD, INC., n/k/a DVO, INC.,

       Defendant.

---

### COMPLAINT FOR DECLARATORY RELIEF

---

NOW COMES Plaintiff, Crum & Forster Specialty Insurance Company ("Crum & Forster"), by and through its attorneys, von Briesen & Roper, s.c., and for its Complaint for Declaratory Relief, states as follows:

### INTRODUCTION

1. This Complaint for Declaratory Relief is a request for a judgment declaring that the insurance policies Crum & Forster issued to Defendant GHD, Inc. n/k/a DVO, Inc. ("DVO") between June 2011 and April 2014 do not provide coverage for the liability and damages DVO may incur in an underlying action filed by WTE-S&S AG Enterprises, LLC ("WTE").

### PARTIES

2. Crum & Forster is an excess surplus lines insurance company with its statutory home office in Delaware and is therefore a citizen of Delaware.

3. DVO, upon information and belief, is a Wisconsin corporation with its principal place of business located at 820 West Main Street, Chilton, Wisconsin and is therefore a citizen of Wisconsin.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## BACKGROUND

6. DVO is a defendant in an action for breach of contract filed by WTE on August 28, 2013 in the Circuit Court of Wisconsin, Door County, Case No. 13-CV-166 (the "Underlying Complaint" or the "Underlying Action"). A true and correct copy of the Underlying Complaint is attached hereto as Exhibit 1.

7. In the Underlying Complaint, WTE seeks recovery based on a single cause of action for Breach of Contract, arising from the parties' "EJCDC Standard Form of Agreement between Owner and Design/Builder" (the "Contract") for the construction of an anaerobic digester located at 7900 Old Elm Road, Sturgeon Bay, WI.

8. WTE alleges that, pursuant to the Contract, DVO was "to complete all anaerobic digester engineering, construction and installation of the digester heating system, gas mixing system, and building interior plumbing and electrical work, digester startup and project management and administration." *Underlying Complaint* at ¶ 5.

9. WTE alleges that there have been "problems" with the digester "before, during and after the commencement of service" and that those problems are attributable to the fact that "substantial parts of the structural, mechanical and operational systems" were "not...properly designed by [DVO]." *Id.* According to WTE, these "design defects, errors and omissions...have

-2-
Case 1:16-cv-01619-WCG   Filed 12/07/16   Page 2 of 6   Document 1

compromised the structural, mechanical and operational integrity of the [digester's] systems." *Id.* at ¶ 13.

10. WTE further alleges that DVO's construction management and inspection services "allowed numerous construction defects, deficiencies and deviations from the design plans and specifications to occur and persist during the construction and installation of the project." *Id.* at ¶ 22.

11. WTE seeks "all costs, fines, damages and expenses associated with the repair and remediation of the project" as well as "reasonable attorney's fees, court costs and disbursements." *Id.* at p. 5-6. WTE estimates its damages as "in excess of two (2) million dollars." *Id.*

12. On or about August 30, 2013, DVO tendered its defense in the Underlying Action to Crum & Forster. Crum & Forster accepted DVO's tender of defense, subject to a reservation of rights, by letter dated October 2, 2013.

13. On November 23, 2015, the court in the Underlying Action issued an order foreclosing any potential claim not based on the alleged breach of contract.

14. On or about December 5, 2015, Crum & Forster advised DVO that it concluded that based on the allegations in the Underlying Complaint and the November 23, 2015 Order, the policies issued by Crum & Forster to DVO did not provide coverage for the Underlying Action.

15. On or about March 30, 2016, the Underlying Action was stayed pending a bankruptcy petition filed by WTE in the United States Bankruptcy Court for the Northern District of Illinois.

16. On or about June 15, 2016, WTE initiated an adversary action in the United States Bankruptcy Court for the Eastern District of Wisconsin, Case No. 16-2223 (the "Adversary Action").

17. By stipulation, WTE and DVO agreed to transfer the Adversary Action to the Northern District of Illinois, Case No. 16-00400.

18. DVO did not tender the Adversary Action to Crum & Forster nor did it advise Crum & Forster of its filing.

**THE POLICIES**

19. Crum & Forster issued primary and excess policies to DVO for the policy periods of June 1, 2011 to April 1, 2012, April 1, 2012 to April 1, 2013 and April 1, 2014.

20. The primary policies were styled as Environmental Package Policies, and were issued as Policy No. EPK 100068 (effective June 1, 2011 to April 1, 2012), Policy No. EPK 100471 (effective April 1, 2012 to April 1, 2013) and Policy No. EPK 101207 (effective April 1, 2013 to April 1, 2014) (collectively the "Primary Policies" unless otherwise noted).

21. The excess policies were styled as Environmental Excess Liability Policies, and were issued as Policy No. EFX 100018 (effective June 1, 2011 to April 1, 2012), Policy No. EFX 100136 (effective April 1, 2012 to April 1, 2013) and Policy No. EFX 100424 (effective April 1, 2013 to April 1, 2014) (collectively the "Excess Policies" unless otherwise noted).

22. Crum & Forster's obligations under the Primary Policies and the Excess Policies are governed by the terms, limitations and conditions set forth in the policies.

23. There is a current case or controversy within the meaning of F.R.C.P. 57 and 28 U.S.C. § 2201 concerning whether the Primary Policies or the Excess Policies provide coverage to DVO for the claims alleged in the Underlying Complaint.

## FIRST CLAIM

24. Crum & Forster realleges and incorporates by reference Paragraphs 1 through 23.

25. The Primary Policies do not provide coverage for the liability and damages for which DVO may be held liable in the Underlying Action because the Primary Policies specifically preclude coverage for claims arising from an alleged breach of contract.

## SECOND CLAIM

26. Crum & Forster realleges and incorporates by reference Paragraphs 1 through 25.

27. The Primary Policies also do not provide coverage for the liability and damages for which DVO may be held liable in the Underlying Action for one or more of the following additional reasons:

   a. WTE does not seek to hold DVO liable for "damages" within the meaning of the Primary Policies;

   b. The Criminal, Fraudulent or Dishonest Acts Exclusion precludes coverage for "damages" based upon or arising out of DVO's fraudulent or dishonest acts;

   c. The Faulty Workmanship Exclusion precludes coverage for "damages" based upon or arising out of the cost to repair faulty workmanship, construction or work not in accordance with DVO's "professional services" within the meaning of the Primary Policies;

   d. The Your Product Exclusion precludes coverage for "damages" based upon or arising out of "your product" within the meaning of the Primary Policies;

   e. DVO did not comply with the Primary Policies' Notification Conditions; and

   f. DVO's February 2013 renewal application for the policy effective April 1, 2013 to April 1, 2014 contains a material misrepresentation;

   g. WTE does not seek to hold DVO liable for "bodily injury" or "property damage" caused by an "occurrence";

   h. The Impaired Property Exclusion precludes coverage for "property damage" to "impaired property" or property that has not been physically injured arising out of a defect, deficiency or inadequacy in "your product" or "your work" within the meaning of the Primary Policies;

i. The Damage To Your Product Exclusion precludes coverage for "property damage" to "your product" or any part of it; and

j. The Damage To Your Work Exclusion precludes coverage for "property damage" to "your work" or any part of it and included in the "products-completed operations hazard" within the meaning of the Primary Policies.;

### THIRD CLAIM

28. Crum & Forster realleges and incorporates by reference Paragraphs 1 through 27.

29. The Excess Policies do not provide coverage for the liability and damages for which DVO may be held liable in the Underlying Action because the Excess Policies provide coverage consistent with the Primary Policies and so are subject to the defenses described in Paragraphs 24-27 above.

WHEREFORE, Crum & Forster demands judgment as follows:

A. For a declaration that Crum & Forster has no obligation pursuant to defend or indemnify DVO against the claim asserted in the Underlying Action;

B. For its costs, disbursements, and fees as provided by law; and

C. For such other relief as the Court deems just and equitable.

Dated this 7th day of December, 2016.

By: s/Jeffrey A. Evans
Heidi L. Vogt, SBN 1001318
Jeffrey A. Evans, SBN 1059025
*Attorneys for Plaintiff Crum & Forster Specialty Insurance Company*
von BRIESEN & ROPER, s.c.
411 East Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
Phone: (414) 287-1227
Fax: (414) 235-6579
E-mail: hvogt@vonbriesen.com;
jevans@vonbriesen.com

27580955_1.DOC